# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

COUNTY OF MORA,

    Petitioner,

v.                                                                                                         Civ. No. 24-705 SCY/LF
                                                                                                (lead case)

FEDERAL EMERGENCY MANAGEMENT
AGENCY and DEANNE CRISWELL, in her
official capacity as Administrator of the
Federal Emergency Management Agency,

    Respondents.

*Consolidated with*

MORA INDEPENDENT SCHOOL DISTRICT,
and MORA-SAN MIGUEL ELECTRIC
COOPERATIVE,

    Petitioners,

v.                                                                                                 Civ. No. 24-756 SCY/LF
                                                                                                (member case)

FEDERAL EMERGENCY MANAGEMENT
AGENCY and DOES 1-20,

    Respondents.

*Consolidated with*

LAS VEGAS CITY SCHOOLS a/k/a
LAS VEGAS CITY SCHOOLS DISTRICT,

    Petitioner,

v.                                                                                                 Civ. No. 24-1008 SCY/LF
                                                                                                (member case)

FEDERAL EMERGENCY MANAGEMENT
AGENCY and DOES 1-20,

    Respondents.

**ORDER GRANTING MOTION TO SUPPLEMENT**

In this consolidated case, Petitioners challenge an aspect of a final administrative rule promulgated by the Federal Emergency Management Agency ("FEMA") regarding compensation under the Hermit's Peak Fire Assistance Act ("HPFAA"). Doc. 1. Specifically, they challenge the portion of the rule that denies compensation under the HPFAA for injuries and costs that are eligible for assistance under the Public Assistance Program. *Id.* ¶ 5. Because this case involves judicial review of an administrative agency action, Respondent FEMA filed the administrative record. Docs. 16, 19, 21, 27. Presently before the Court is FEMA's Motion to Supplement the Administrative Record. Doc. 29; *see also* Doc. 34 (response); Doc. 35 (reply). FEMA seeks leave to supplement the administrative record with documents regarding Petitioners' applications for public assistance that FEMA asserts are relevant to the question of standing and Petitioners' injury. Doc. 29 at 8.

"Judicial review of agency action is normally restricted to the administrative record." *Citizens For Alternatives To Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007). That is, "[w]hen a court evaluates whether an agency has complied with the APA, its review is generally based on the full administrative record that was before all decision makers." *Rocky Mountain Peace & Just. Ctr. v. United States Fish & Wildlife Serv.*, 40 F.4th 1133, 1160 (10th Cir. 2022) (internal quotation marks and citation omitted); *see also id.* ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency."). "[I]n 'extremely limited' circumstances, a court may supplement the administrative record or consider extra-record evidence" including "when (1) 'the record is deficient because the agency ignored relevant factors it should have considered,' (2) 'the agency considered factors that were left out of the formal record,' and (3) 'evidence coming into

existence after the agency acted demonstrates that the actions were right or wrong.'" *Id.* (quoting *Am. Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985)). As FEMA acknowledges, the public assistance documents are not properly part of the administrative record because they were not considered by the agency, FEMA, as part of its rulemaking and they do not fall into one of limited circumstances for considering extra-record evidence. Doc. 29 at 8-9.

However, the Tenth Circuit has also advised that the court may supplement the administrative record with materials necessary to address the issue of standing. *U.S. Magnesium, LLC v. U.S. E.P.A.*, 690 F.3d 1157, 1164-65 (10th Cir. 2012). In *U.S. Magnesium*, the Tenth Circuit explained that, "[g]enerally, parties petitioning for review of agency decisions may only rely on evidence in the administrative record, but, as we have recognized, '[b]ecause Article III's standing requirement does not apply to agency proceedings, [the petitioner] had no reason to include facts sufficient to establish standing as a part of the administrative record.'" *Id.* at 1164 (quoting *Qwest Commc'ns Int'l v. FCC,* 240 F.3d 886, 892 (10th Cir. 2001)). Thus, in cases which "originated in a court not subject to Article III's requirements," the court should "'take pains to supplement the record in any manner necessary to enable [it] to address with as much precision as possible any question of standing that may be raised.'" *Id.* at 1165 (quoting *Pennell v. City of San Jose,* 485 U.S. 1, 8 (1988)).

Indeed, several other circuits apply this same standard. *See, e.g.*, *Nw. Env't Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527–28 (9th Cir. 1997) ("Because Article III's standing requirement does not apply to agency proceedings, petitioners had no reason to include facts sufficient to establish standing as a part of the administrative record. We therefore consider the affidavits not in order to supplement the administrative record on the merits, but rather to determine whether petitioners can satisfy a prerequisite to this court's jurisdiction."); *Prometheus*

3

*Radio Project v. FCC*, 939 F.3d 567, 578 (3d Cir. 2019), *rev'd on other grounds*, 592 U.S. 414 (2021) ("It is well established that petitioners challenging agency action may supplement the administrative record for the purpose of establishing Article III standing, even though judicial review of agency action is usually limited to the administrative record.").

Following this direction, the Court agrees with FEMA that because this matter originated in an agency proceeding which is not subject to Article III standing, FEMA should be allowed to supplement the administrative record with materials necessary to address standing. Petitioners disagree, arguing that "standing is apparent from the administrative record" and so "there is no basis for supplementing the record to include materials not part of the rulemaking process." Doc. 34 at 3. Petitioners ultimately may be correct in their assertion that they have standing. That question, however, is not presently before the Court. Instead, the question presently before the Court is whether, before ruling on standing, the Court should have a full record of information that bears on the standing question. The Court answers this question in the affirmative. Such a record will allow the Court to "address with as much precision as possible any question of standing that may be raised." *U.S. Magnesium*, 690 F.3d at 1165 (quoting *Pennell,* 485 U.S. at 8).

Petitioners further argue that the Tenth Circuit in *U.S. Magnesium* limited the circumstances in which a supplementation should be allowed. They assert that "an administrative record can be supplemented with documents relevant to standing in cases where 'the plaintiff is not himself the object of the government action or inaction he challenges.'" Doc. 34 at 11 (citing *U.S. Magnesium*, 690 F.3d at 1166). They argue that because Petitioners are "unquestionably the 'object' of FEMA's action", the Tenth Circuit's limitation applies to bar supplementation. *Id.* at 10.

Petitioners are correct that the Tenth Circuit in *U.S. Magnesium* looked at whether the plaintiff was the object of the government action. However, it did so when deciding whether the plaintiff had standing, not when deciding whether the plaintiff should be allowed to supplement the record. 690 F.3d at 1166. In other words, the Tenth Circuit did not limit the circumstances of when a supplement should be allowed to only those cases in which the plaintiff is not the object of the agency action. Instead, it allowed for supplementation "in any manner necessary to enable [the court] to address with as much precision as possible any question of standing that may be raised." *Id.* at 1165 (quoting *Pennell*, 485 U.S. at 8). In the present motion, the Court is not asked to decide standing, but only whether FEMA can supplement the record with materials aimed at addressing standing. The Court grants this request in order to allow for full consideration of the issue of standing.

IT IS THEREFORE ORDERED that Respondent FEMA's Motion to Supplement the Administrative Record (Doc. 29) is **GRANTED**. The supplemental materials, as lodged with Doc. 28, are deemed part of the administrative record.

_____
Steven C. Yarbrough
United States Magistrate Judge